429 So.2d 198 (1983)
Carol Bauer DREWES, et al.
v.
Cleo Ragas GIANGROSSO, et al.
No. 82 CA 0554.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*199 Neil C. Hall, III, Metairie, for Carol B. Drewes and Roderick E. Drewes, appellees.
Jesse L. Wimberly, III, Mandeville, for Cleo Ragas Giangrosso and Vincent P. Giangrosso, appellants.
Frank M. Repass, III, Slidell, for Don Smart & Associates, Inc., appellee.
Lawrence J. Centola, Jr., New Orleans, for John S. Case, appellee.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
This is an appeal of a judgment in favor of plaintiffs in a redhibitory action, rescinding an act of sale of a house located at 150 Hoover Drive, Slidell, Louisiana. The basis for the recission was the trial judge's finding that the well which supplied water to this property was located on adjacent property rather than on the purchased property. The plaintiffs' claims for damages and attorney fees were denied.[1] The plaintiffs *200 answered the appeal, seeking the relief denied them in the trial court.
On November 29, 1979, the plaintiffs, Carol Bauer Drewes and Roderick Drewes, her husband, bought the property in question from Cleo Ragas Giangrosso and Vincent Giangrosso, Sr. for $78,500.00. Mr. Giangrosso had built the house about seven years before the sale. The Drewes purchased the property with the intention of residing on it and operating a pre-school. When they began renovation, they discovered a leaky roof and numerous structural problems with the house, which they alleged rendered it unsuitable as a school or a residence. In addition to the roof and structural deficiencies, the plaintiffs also experienced several interruptions in their water supply. In the course of restoring water service, it was discovered that the well which was the source of their water supply was located on adjacent property, which was owned by the vendors. These alleged defects led the plaintiffs to file the instant action.
Under LSA-C.C. arts. 2475 and 2476, a vendor impliedly warrants that the thing sold is free of hidden defects and is fit for the intended purpose. In order to rescind a sale based upon a redhibitory defect, there must be a "defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." LSA-C.C. art. 2520. This vice or defect in the object must have existed before the sale and must not have been apparent by simple inspection. LSA-C.C. art. 2521.
The trial court found as a fact that the well which supplied water to the subject property was not located on the property that the Drewes bought from the Giangrossos; it was actually on the Giangrossos' adjacent property. The purchasers had access to the water only by sufferance of the owners of the adjacent property. The act of sale made no reference to the water well being on the adjacent property, and did not include a servitude of use to the purchasers.
While the evidence shows that the vendors did offer the purchasers a servitude for water rights, this occurred after the sale.[2] We find that the belated offer to grant a servitude of water rights does not rectify the redhibitory defect. The purchasers still (after the servitude) would have no control over the water supply or its source. They would not have the "exclusive authority" over the water well to which, as owners, they were entitled. See LSA-C.C. art. 477. The vendors made no offer to furnish the purchasers with a water well of their own on the purchased property.
The trial court found that the plaintiffs would not have purchased the subject property if they had known that the well supplying water to them was beyond their control and was actually located on adjacent property. The court held that this lack of a water source was a defect of such magnitude as to entitle plaintiffs to a recission of the sale.
We agree. The defect was such that, if the plaintiffs had known of its existence, they would not have purchased the property. See Abdelbaki v. University Presbyterian Church, 380 So.2d 35 (La.1980). Accordingly, the sale was correctly rescinded.
The defendants next argue that the trial court erred in finding that the plaintiffs were unaware of the off-site water supply. The primary basis for this contention is that Mr. Giangrosso told the plaintiffs that the water well was on the adjacent property. The record does not support the defendants' position on this point. At best Mr. Giangrosso's testimony is equivocal. The Drewes were positive they had not been informed of this fact. Mr. Giangrosso also said that he told the real estate agent to be sure and have the true facts about the off-site well *201 put in the deed. Yet, this information was not included in the deed, which all of the parties signed and presumably read before signing. There is also an argument that the multiple listing service forms show that the well is "next door". These forms, from the way they were filled in, are not clear on this point. The real estate agent testified that she never told the plaintiffs of the location of the water well. The trial judge found as a fact that the plaintiffs did not know that the water well was not on the purchased property.
Under Louisiana law the trial judge is afforded wide discretion in his findings, particularly when credibility is involved, and this Court will not substitute its judgment for that of the trial court in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973); Wallace C. Drennan, Inc. v. Haeuser, 402 So.2d 771 (La.App. 4th Cir. 1981).
We conclude the evidence in the record is such that the trial judge did not abuse his discretion in his obvious factual findings that the water well was not located on the purchased property and that the vendors did not inform the vendees of its off-site location at the time of the sale.
We also agree with the trial court that besides the recission of the sale and repayment of the expenses, the vendors herein are answerable to the purchasers in damage. See LSA-C.C. art. 2545.
It is established that a vendor-builder of a residence is considered to be a manufacturer, and as such he cannot avoid the conclusively presumptive knowledge of the defects in the thing he manufactures. Cox v. Moore, 367 So.2d 424 (La.App. 2nd Cir.1979), writ denied 369 So.2d 1364 (La. 1979). Since Mr. Giangrosso built the house which was the object of the sale herein, he must be considered the manufacturer. As such, he is liable for all damages caused by the defect and reasonable attorney fees. See Philippe v. Browning Arms Company, 395 So.2d 310, 318 (La.1981), on rehearing.
The record establishes that the expenses occasioned by the sale to be reimbursed to the plaintiffs are closing costs, costs of loan appraisal and all homestead charges, such as interest, taxes and insurance. Defendants must also reimburse plaintiffs for expenses in releasing the mortgage, such as penalties charged by the mortgage for early termination of the loan. In addition, all costs of reconveyance of the property by plaintiffs to defendants are to be borne by the defendants. Plaintiffs are therefore entitled to recover $150 paid for an appraisal report, $50 paid for a credit report, a $485 participation fee paid at the act of sale, $181.25 representing costs of title insurance and $378 spent on property insurance.
Plaintiffs are further entitled to reimbursement of expenses incurred for the preservation of the property. Plaintiffs paid $198.75 in order to add a roof exhaust system and make various repairs. They spent $44.36 for repairs to the pump and plumbing inside the house. Plaintiffs also paid $100 for wind damage repair, $30.15 to fix toilet in the hall bathroom, $95.00 for pump repairs, and $15 for hot water heater repair. They are entitled to recover these amounts. We also find the plaintiffs are entitled to recover the amount of $3,096.66, which amount was spent by them for materials in an improvement to the house. This item of damages is supported by the record.
Plaintiffs paid $30,000 cash in this sale which defendants must reimburse. Also defendants must pay plaintiffs $7,262.45 as of date of trial, plus the interest paid by plaintiffs on a mortgage.
A reasonable rental which plaintiffs owe for the use of the house is to be deducted from the amount which defendants owe plaintiffs. Bernofsky v. Schwartz, 370 So.2d 590 (La.App. 4th 1979). The record has no evidence concerning any amount which would be a reasonable rent for use of the home. The trial court, in its discretion, set the rental at $300 per month as an offset against defendants' liability to *202 plaintiffs. We cannot say that this is an unreasonable amount.
The plaintiffs have also requested attorney fees. Under the circumstances of this case, we believe that the award of $1,500.00 for attorney fees to cover the handling of both the trial and appeal of this matter is adequate and reasonable. See Millin v. Dawson, 387 So.2d 1213 (La.App. 1st Cir.1980).
We amend the judgment of the trial court to delete the decretal portion in favor of defendants John Case and Don Smart & Associates, Inc. since these defendants had been voluntarily dismissed from the law suit without prejudice prior to the trial of this matter.
We further amend the judgment of the trial court to order the defendants to pay to the plaintiffs the interest on the mortgage as reflected by the amortization schedule in the record which averages approximately $313.00 per month, from the date of trial, November 23, 1981, until the date the ordered sale and cancellation of mortgage takes place.
We further amend the judgment of the trial court to allow the plaintiffs to recover the sum of $3,906.06 for materials used for improvements to the house, and to allow the plaintiffs to recover attorney fees in the amount of $1,500.
Accordingly, the judgment of the trial court is amended, and as amended, affirmed. We cast the appellants with all costs. We re-cast the judgment to read:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, and against the defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., rescinding the November 29, 1979 sale of the following described property, between these parties:
ALL THOSE CERTAIN LOTS OR PARCELS OF LAND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, lying and being situated in St. Tammany Parish, Louisiana and being more fully described as follows, to-wit:
Lots 11 and 12, Square 6, Lindberg Glen Annex Number 2, St. Tammany Parish, Louisiana.
All in accordance with survey by Albert A. Lovelle, C.E., dated November 13, 1979, Survey No. 92827 [a copy of which is attached to the original deed].
This act is made and accepted subject to restrictive covenants recited in sale registered in COB 329, folio 281.
Being the same property acquired by Carol Bauer, wife of/ and Roderick E. Drewes from Cleo Ragas, wife of/ and Vincent P. Giangrosso, Sr. by act before W.M. Hingle, N.P. dated November 29, 1979 and recorded in St. Tammany Parish, Louisiana in COB 954 folio 151, MOB 767, folio 692.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, shall convey unto defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., the hereinabove described property.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, shall execute an Act of Sale, of the property described immediately hereinabove, unto defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., who shall appear and execute same as vendees. All costs in connection with said sale to be paid by vendees, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, at the time of the act of sale between the parties hereinabove named, which shall be within 30 days of the date of finality of this judgment, the defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., shall discharge the balance of the indebtedness and mortgage by Carol Bauer, wife of/and Roderick E. Drewes in favor of Hancock Mortgage Corporation, evidenced by a *203 promissory note in the principal sum of Forty Eight Thousand Five Hundred Dollars ($48,500.00) with interest on the outstanding balance at the rate of 7.875 percent per annum, which note is paraphed "ne Varietur" for identification with an act of Mortgage dated November 29, 1979 and recorded in MOB 767, folio 692, of the official records of St. Tammany Parish. Said defendants are directed to release and cancel said mortgage and note and shall pay all prepayment penalties and costs in connection with the discharge, release and cancellation of said mortgage and note.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, and against the defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., in the following amounts:

 EXPENSES OCCASIONED BY THE SALE:
$30,000.00 cash down payment
 150.00 appraisal report
 50.00 credit report
 485.00 participation fee
 399.00 closing fees
 181.25 title insurance
 378.00 property insurance
 7,262.45 interest to date of trial
__________
$38,905.70 TOTAL EXPENSES
 EXPENSES INCURRED FOR PRESERVATION
 OF PROPERTY
 198.75 roof exhaust system
 44.36 pump and plumbing repairs
 100.00 wind damage repair
 30.15 to fix toilet
 95.00 for pump repairs
 15.00 hot water heater repairs
__________
 $483.26 TOTAL
 REIMBURSEMENT OF EXPENDITURES
 FOR IMPROVEMENTS
$3,906.06 cost of materials used for improvements

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, and against the defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., in the sum of $1,500.00 for attorney fees.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., shall pay plaintiffs, Carol Bauer Drewes and Roderick E. Drewes, the interest on the mortgage, as reflected by the amortization schedule, from the date of trial, November 23, 1981, until the date hereinabove ordered sale and cancellation of mortgage takes place.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants, Cleo Ragas Giangrosso and Vincent P. Giangrosso, Sr., shall be allowed to offset against all sums awarded herein to the plaintiffs the sum of $300.00 per month as the fair rental value of the property, from November 29, 1979, until the date the property hereinabove described is transferred back to said defendants by the plaintiffs.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Plaintiffs' claims against John Case and Don Smart & Associates, Inc. had been voluntarily dismissed prior to the trial, yet the trial court included the parties in his final judgment.
[2] The servitude was to be for as long as the well was functioning at a level to support the use by both properties.