PRICE, Judge.
This is a suit for damages sustained by the plaintiffs and their minor children due to the flooding of their home by effluent from the City of Bastrop’s sewerage system. Plaintiffs appeal the trial court judgment in their favor, contending the damages awarded are inadequate. Defendants, the City of Bastrop and its insurer, have neither appealed nor answered the plaintiffs’ appeal. Thus, the sole issue for consideration is that of quantum.
It was found at trial, and is not disputed on this appeal, that the first floor of the plaintiffs’ two-story home was flooded with sewerage from the city sewer system seventeen times over a five-year period due to a defect in the system. The first sewer backup occurred in February 1978 and such occurrences continued on an intermittent and unpredictable basis through December 1982 due to a problem in the sewer system which had not been corrected at the time of trial. Of the itemized damages awarded by the trial court, plaintiffs complain that the amounts of $9,000 for mental anguish and suffering and $3,000 for the decreased value of plaintiffs’ home are inadequate. They further contend they are entitled to an award for the loss of use of their home.
Mr. Watters testified at trial that the flooding began each time in the downstairs bathroom which was centrally located, and continued until the entire first floor of the house was covered with water. He described the cleanup operations, the foul odor which lingered after each occasion of flooding, and the concern over the sanitary state of the home. He also testified that after the fourth flooding they were aware that this problem would continue to occur until the city fixed the system.
There were other inconveniences as well, such as making arrangements for the care of the children while the plaintiffs cleaned out the house, and waiting for the carpets to dry out before being able to return the house and the furniture to normal. Both Mr. and Mrs. Watters testified to their embarrassment due to the recurring nature of the backup, which became common knowledge in the community, and their anxiety over the uncertainty as to when the next flood was going to take place. They and one of their neighbors testified that on humid days the odor would sometimes become very strong and unpleasant again.
We recognize that before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion *75 in making the award. This determination rests upon analysis of the facts and circumstances peculiar to each individual case. Reck v. Stevens, 373 So.2d 498 (La.1979).
We conclude that an analysis of the facts revealed by the record in this particular case discloses an abuse of the trial court’s discretion. We consider the award of $9,000 in general damages for the plaintiffs’ mental anguish to be inadequate. In making such a determination, we take note of the recurring nature of the problem and the uncertainty of when another backup would occur, the numerous disruptions of the family’s normal living patterns, the unpleasantness of cleaning sewer water out of one’s home, and other inconveniences such as making arrangements for the care of the children and being unable to use the downstairs area for a length of time after each flooding.
Our review of prior awards in sewerage backup cases leads us to conclude that each major plaintiff should have been awarded at least $7,500 in general damages. For example, in Romero v. Town of Welsh, 370 So.2d 1286 (La.App. 3rd Cir.1979), the plaintiff was awarded $2,500 for the mental anguish and inconvenience of a one-time sewerage backup where the odor remained in the house for two weeks and the plaintiff could not use the first floor of his home. In Barbay v. Parish of East Baton Rouge, 343 So.2d 235 (La.App. 1st Cir.1977), writ refused 345 So.2d 62 (La.1977), the plaintiffs’ home was flooded by sewerage three times and each plaintiff was awarded $2,500 for mental anguish, embarrassment, and annoyance. The case most closely similar to the instant one is Falgout v. St. Charles Sewerage District #3, 351 So.2d 206 (La.App. 4th Cir.1977), writ denied 353 So.2d 1047 (La.1978) in which the plaintiff’s sewerage backup problems persisted over at least a three-year period. In that case the homeowner was awarded $7,500 for the mental anguish, inconvenience and discomfort. In light of the considerable mental anguish, embarrassment, inconvenience, and unpleasantness endured by these plaintiffs, we amend the award for general damages to $7,500 for each major plaintiff.
Plaintiffs further contend that the trial court erred in awarding only $3,000 for the decrease in the value of their home. There was conflicting testimony regarding this item of damages. Plaintiffs’ expert testified that he would place a $9,000 decrease on the market value of the house after the problem had been remedied and repairs made. This was based on his knowledge of depreciation of recently flooded homes in Monroe which were situated in a 500-year flood zone. Defendant’s expert testified that in his experience the market value of a flooded house decreases immediately after the flood and goes back up to the original value after a short period of time. He further testified that there is no market in homes flooded by sewerage to show that such houses decrease in value. He therefore appraised the market value of the house as though unflooded contingent upon correction of the sewerage problem and repair of the present damage.
It is axiomatic that where damages cannot be precisely and mathematically determined, the trial judge is vested with reasonable discretion in making awards for damage. Furthermore, where there is considerable variance in estimated damages, which renders calculation thereof difficult, much discretion is accorded to the trial judge to determine the amount of the award. See Smith v. Town of Logansport, 395 So.2d 888 (La.App.2nd Cir.1981), writ denied 400 So.2d 1379 (La.1981); Sahuque Realty Company v. Employers Commercial Union Insurance Co. of America, 327 So.2d 563 (La.App. 4th Cir.1976), writ denied 330 So.2d 617 (La.1976) and cases cited therein.
In light of the extreme variance between the opinions of the defendant’s expert and plaintiffs’ expert, and being mindful that evaluations of credibility are peculiarly the province of the trial court, we are reluctant to disturb the award made by the trial court to compensate plaintiffs for the decreased value of their house. Under the circumstances of the instant case, we can *76 not say that the trial judge abused his discretion in assessing the damage at $3,000.
Plaintiffs’ final contention is that they are entitled to a sum for the loss of use of their house. Plaintiffs remained in the house despite the flooding from the time of the first flooding until December 1, 1982. At trial they testified that they chose to move in with Mrs. Watters’ mother because of their frustration with the problem and because their youngest child was beginning to crawl. They offered no corroborative evidence that it was necessary for them to leave their home, either for health reasons or otherwise. We are in agreement, under these circumstances, with the trial court’s conclusion that the plaintiffs failed to sustain their burden of proving that it was necessary for them to leave the house. We therefore find no abuse of discretion in the denial of an award for loss of use.
For the reasons assigned, the judgment appealed is amended to award the plaintiffs the sum of $15,000 in general damages, $7,500 to Ronald L. Watters and $7,500 to Carolyn Chaney Watters. In all other respects the judgment appealed is affirmed. All costs of this appeal are assessed against defendants-appellees.
AMENDED and AFFIRMED.