484 So.2d 777 (1986)
Fred A. RASMUSSEN
v.
CASHIO CONCRETE CORPORATION.
No. 84CA1245.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
R. Ryland Percy, III, Gonzales, for Fred A. Rasmussen, plaintiff-appellee.
Michael A. Patterson, Baton Rouge, for Cashio Concrete, defendant-appellant.
Oscar L. Shoenfelt, III, Baton Rouge, for Little Green Giant, third party defendant-appellee.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
This redhibition action arose from the sale by Cashio Concrete Corporation (defendant) of a home sewer treatment plant to Fred A. Rasmussen (plaintiff) in June 1981. Plaintiff experienced a variety of difficulties with the unit and filed suit against defendant in September 1983. The trial court rendered judgment in favor of *778 plaintiff and awarded $421.00 for repairs to the unit, $4,000.00 for inconvenience and mental anguish, and $1,340.00 for attorney fees. Defendant perfected this appeal.
Plaintiff began to have trouble with the treatment unit shortly after he purchased it; on August 8, 1981, sewage overflowed into the master bathroom. Defendant responded to plaintiff's call and replaced the pump. This was the first of at least thirteen incidents involving malfunctions of the plant. The problems included a hose slipping off, failures of the pump, overflowing of sewage into the bathrooms and halls, and failure of the aerator (with a consequent discharge of untreated sewage). The record demonstrates that these problems continued at least through June 1984, approximately one month before trial. Most of the repairs prior to September 1983 were performed by defendant, but plaintiff did not contact defendant thereafter, believing that it had not performed as promised.[1]
To prevail in a redhibition action, the plaintiff must prove that the thing sold is "either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." LSA-C.C. art. 2520. He must also show that the defect existed before the sale. LSA-C.C. art. 2530. These are questions of fact, and the trial court's conclusions about them should not be set aside absent manifest error. Ball v. Ford Motor Company, 407 So.2d 777 (La.App. 1st Cir.1981); see Red Arrow Sales, Inc. v. Dixie Motors, Inc., 442 So.2d 570 (La.App. 1st Cir.1983).
The trial court concluded that defendant was the installer, that the unit was improperly installed, and that the faulty installation caused plaintiff's injury. Thus, it ruled for plaintiff on his redhibition demand. There was conflicting testimony over who installed the plant; the trial judge found credible those who testified that the defendant installed it. The judge also found believable the testimony of plaintiff's expert in sewage treatment plants that use of flexible hoses made the installation improper and caused plaintiff's continuing woes. Although there is no explicit statement that the judge found the defect to have existed before the sale, such a conclusion is implicit in his granting the demands of the redhibition petition; and we find the unrefuted testimony of at least thirteen malfunctions in a two-year period beginning within two months of the sale is adequate support for that conclusion. Thornton v. Pedersen, 421 So.2d 465 (La. App. 3rd Cir.1982); see Davidson v. New Roads Motor Company, Inc., 385 So.2d 319 (La.App. 1st Cir.1980), writ denied, 391 So.2d 454 (La.1980); Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975). In short, the trial court's findings which establish a redhibitorily defective installation are not clearly wrong.
We recognize that a defect in installation results from an inadequate performance of a service. But this fact does not transform the transaction in question from a sale into a contract to do. The primary object of the agreement between the parties was the provision of a functioning sewer treatment plant. The installing of this 5.58-ton unit was secondary, ancillary, to that object, and the contract is best characterized as one of sale. Thus the Civil Code articles on redhibition are appropriate.[2]Austin's of Monroe, Inc. v. Brown, 474 So.2d 1383 (La.App. 2nd Cir. 1985).
LSA-C.C. art. 2545 offers additional relief to aggrieved buyers:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment *779 of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.
The courts have construed this article to mean that a manufacturer is presumed to have had knowledge of the vice in the product sold. Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974). For the following reasons, we find that the defendant is the manufacturer of the defective treatment plant. First, both Mack Stafford, the plaintiff's contractor, and the defendant's president, R. Kent Cashio, testified that Cashio Concrete Corporation manufactured the treatment unit. Second, the record indicates that components of the plant were purchased from various suppliers and integrated into a single, concrete unit by defendant. The concrete unit was fabricated by defendant. This process of assembly places defendant in the position of a manufacturer. Spillers, 294 So.2d at 807.
Finally, ascribing manufacturer status to defendant is consistent with the jurisprudence interpreting LSA-C.C. art. 2545. For example, in Amin v. Head, 419 So.2d 529 (La.App. 2nd Cir.1982), writ denied, 423 So.2d 1151 (La.1982), developers who constructed a drainage system for a low-lying lot were deemed to have "manufactured" the lot to fall within the purview of the article. In Thomas v. W. & W. Clarklift, Inc., 444 So.2d 1300 (La.App. 4th Cir. 1984), writ denied, 448 So.2d 113 (La.1984), a seller's complete overhaul of a forklift justified treating it as the manufacturer of the forklift, answerable to the buyer under LSA-C.C. art. 2545. See also Red Arrow Sales, 442 So.2d at 573; Schamens v. Crow, 326 So.2d 621 (La.App. 2nd Cir. 1975).[3]
As a manufacturer, presumed to have known of the vice in the thing sold, defendant is liable for damages caused by the defective product. LSA-C.C. art. 2545. These damages include inconvenience and mental anguish. Bourne v. Rein Chrysler-Plymouth, Inc., 463 So.2d 1356 (La. App. 1st Cir.1984), writ denied, 468 So.2d 570 (La.1985) (interpreting Philippe v. Browning Arms Company, 395 So.2d 310 (La.1980)); Fontenot v. F. Hollier & Sons, 478 So.2d 1379 (La.App. 3rd Cir.1985).
Plaintiff was awarded $4,000.00 for mental anguish, distress and inconvenience. This amount is not excessive. On at least thirteen different occasions over a twenty-two-month period the sewer unit malfunctioned and required repair. During almost all of these incidents, the Rasmussen family had no toilet facilities in its new home for periods ranging from hours to days.[4] Once, when the aerator stopped working, the unit continued to function, but it pumped out untreated sewage. After another breakdown, plaintiff had to monitor the pump regularly and manually turn it on every two hours. Plaintiff took off from work to talk with defendant's representatives. He sought out replacement parts himself. Perhaps worst of all, sewage backed up in the system and flooded into the house at least five times. It is only with difficulty that this court conjures a more noxious scene than sewage flooding one's new home. This record reveals no abuse of the trial court's much discretion in fixing quantum. Watters v. City of Bastrop, 445 So.2d 73 (La.App. 2nd Cir.1984); Reck v. Stevens, 373 So.2d 498 (La.1979).
The court below also held defendant liable for attorney fees as mandated by LSA-C.C. *780 art. 2545. This award was not unreasonable, nor was it an abuse of the court's discretion. Aetna Finance Company of Baton Rouge v. Perkins, 448 So.2d 121 (La.App. 1st Cir.1984), see, e.g., Dumond v. Houma Toyota, Inc.A.M.C. Jeep, Inc., 470 So.2d 484 (La.App. 1st Cir.1985).
Accordingly the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Plaintiff testified that in June of 1983 a representative of defendant had responded to his complaints by telling him to bring suit if he did not like defendant's repair performance.
[2] Our finding here has relevance to the discussion of non-pecuniary damages and attorney fees that follows. LSA-C.C. art. 2545 and the jurisprudence interpreting it have application only to actions in redhibition.
[3] It may at first seem incongruous to cast defendant with the liabilities of a manufacturer when its installation was defective. But the record demonstrates that what defendant sold was a properly installed sewer treatment plant; that is, the plant and its installation were parts of single entity. Indeed, the invoice admitted into evidence shows that one price was paid, and we have already ruled that the trial court's finding that defendant installed the unit is not clearly wrong.
[4] Plaintiff summarized the inconvenience and distress as follows:

You can't do anything that you paid all the money to have your house built to do. You can't cook, you can't wash, you can't bathe, you can't flush the toilets, and you are forced to go to a neighbor, or a hotel, or whatever to use facilities that you are paying money for. You're just rendered totally helpless.