532 So.2d 479 (1988)
Ronald BELL and Virginia Lee Bryant Bell
v.
Jimmy Clayton BATTLES and Juanita Graves Battles.
No. 88 CA 0453.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*480 Thomas B. Waterman, Ponchatoula, for plaintiffs-appellees.
Richard Schwartz, Amite, for defendants-appellants.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
On July 3, 1984, Ronald Bell and Virginia Lee Bryant Bell purchased a home from Jimmy Clayton Battles and Juanita Graves Battles. The home had been constructed by Mr. Battles. Within a year after purchase the Bells began to experience problems with the residence due to the uneven settling of the slab. Plaintiffs instituted this action seeking recission of the sale, damages and attorney fees or alternatively a reduction in purchase price.
After trial on the merits judgment was rendered in favor of plaintiffs granting a reduction in price in the sum of $32,500, attorney's fees of $4,000 interest from date of judicial demand and costs. From this judgment defendants appeal alleging as error the trial court's failure to dismiss the action on the basis of prescription, the amount of the reduction, and an alleged improper amendment of the judgment. In amended answer to the appeal plaintiffs allege that the trial court erred in failing to rescind the sale and in failing to award damages. They also seek an increase in attorney's fees.

PRESCRIPTION
In the first assignment of error defendants allege for the first time on appeal that this action has prescribed. Defendant Jimmy Battles, the vendor-builder of the residence, is considered to be a manufacturer and is conclusively presumed to have knowledge of the defects. Drewes v. Giangrosso, 429 So.2d 198 (La.App.1st Cir. 1983). Thus, this action is timely if commenced within one year of discovery of the vice or defect. La.C.C. art. 2546; McKneely v. Don Coleman Construction Co., Inc., 441 So.2d 497 (La.App.2d Cir.1983). The prescription period is interrupted by the vendor-manufacturer's attempt to repair the defect. McKneely, 441 So.2d at 499.
The house was purchased in July, 1984, and this action was instituted in December, 1985. Mr. Battles attempted to repair the mortar in June, 1985, and advised Bell that he did not know why the bricks appeared to be separating from the *481 foundation, however, he would "keep an eye on it." Mr. Battles testified that in April, 1985, he was aware of the crack in the mortar and the "swagged" foundation. Approximately three weeks later he repaired the mortar and told Bell he would watch it and "stand behind it." Battles' attempted repair and his promise to stand behind the construction occurred within one year from Bell's acquiring knowledge of the defect and served to interrupt prescription. Accordingly, this assignment of error is without merit.

REDHIBITION/QUANTI MINORIS
In order to prevail in a redhibitory action the buyer must prove the existence of a defect which renders the thing sold "either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." La.C.C. art. 2520. It is uncontested that plaintiffs encountered problems with the residence which were due to uneven or differential settlement of the foundation; the problems are likely to continue unless corrective action is taken; and the problem can be corrected by "underpinning" the foundation. Apparently, the trial judge did not consider the defects sufficient to require rescission. This is a factual determination which should not be disturbed unless clearly wrong. Dugas v. Caubarreaux Used Cars, Inc., 497 So.2d 56 (La. App.3d Cir.1986). After thorough review of the record we are unable to state that these factual determinations are manifestly erroneous.
Defendants contend that the $32,500 reduction in price is excessive. The reduction in price is determined by the difference between the sale price and the price agreed upon between a reasonable seller and purchaser fully apprised of the defects. Baham v. Community Motors, Inc., 428 So.2d 867 (La.App.1st Cir.1983).
The house was originally purchased by the Bells for the sum of $78,000. Diane Streety, realtor, testified that she received an offer of $32,000 and two separate offers of $40,000 for the residence from prospective purchasers fully apprised of the defects. The trial court apparently arrived at the $32,500 reduction in price by subtracting the $40,000 offer from $68,550, the value at which the home was appraised on May 27, 1987, and after taking into consideration the realtor's commission. We conclude, however, that the trial court should have subtracted the sum of $40,000 from the original sale price of $78,000, thereby granting a reduction in price of $38,000. See Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App.4th Cir.1974), writ denied, 303 So.2d 186 (La.1974). We increase the attorney fees awarded by $2,000. Having amended in part the judgment of the trial court to increase the award over the amount allowed by the trial court judgment, we need not address the remaining assignment of error relating to the trial court's alleged improper amendment of the judgment. Costs of this proceeding are assessed to defendant-appellants.
AMENDED IN PART AND AS AMENDED AFFIRMED.