607 So.2d 804 (1992)
George and Brenda SINGLETARY and Hazel Pendleton, Individually and in Their Representative Capacities[1]
v.
CROWN ZELLERBACH and Massy Hill Hunting Club, Inc.[2]
No. CA 91 1297.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
*805 Stuart H. Smith, New Orleans, for plaintiffs-appellants.
*806 Scott W. McQuaid and Kim K. McElwee, Metairie, for defendants-appellees.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This action is a suit in tort to recover damages incurred as a result of personal injuries sustained by Brad Singletary and Richard Migliore[3] when a three-wheel, all terrain vehicle that they were operating hit a gate on property located in a rural area in St. Tammany Parish, Louisiana. Made defendants were: (1) Crown Zellerbach Corporation (Crown Zellerbach), lessee of the property; (2) Mossy Hill Hunting Club, Inc. (Mossy Hill), sub-lessee of the property; (3) Scotsdale Insurance Company[4] (Scotsdale), Mossy Hill's liability insurer; (4) Yamaha Motor Company, Ltd., manufacturer of the three-wheeler; (5) Yamaha Motor Corporation U.S.A., manufacturer/distributor of the three-wheeler; and (6) S.T. Turman Corporation and George E. Nash, owners of the property. Crown Zellerbach filed a motion for summary judgment. The trial court, relying on the recreational land use statutes (La.R.S. 9:2791 and La.R.S. 9:2795), granted the motion and dismissed the suit against Crown Zellerbach. This court affirmed the trial court judgment in Singletary v. Crown Zellerbach, 554 So.2d 846 (La.App. 1st Cir.1989). Thereafter, Mossy Hill filed a motion for summary judgment. After a hearing on the motion, the trial court granted the motion and dismissed plaintiffs' demands against Mossy Hill and Scotsdale with prejudice. Plaintiffs took this devolutive appeal.

FACTS
The owners of the land where the accident happened granted Crown Zellerbach a long term lease for commercial timber operations. On March 1, 1983, Crown Zellerbach and Dolly T. Hunting Club entered into a three year "HUNTING AND FISHING LEASE CONTRACT" whereby the latter would have the right to hunt and fish on the property leased to Crown Zellerbach. Dolly T. Hunting Club, with the consent of Crown Zellerbach, then assigned its rights under the hunting and fishing lease to Mossy Hill. Mossy Hill's rights under the lease terminated on March 1, 1986. On the evening of May 16-17, 1986, Brad Singletary and Richard Migliore were involved in an accident that is the basis of this lawsuit. On April 29, 1987, they filed a petition that alleged the following pertinent facts.[5]

1.
The defendants herein are:
(a). Crown Zellerbach Corporation, a foreign corporation authorized to do and doing business in this district and state, who at all material times was the owner of record of certain property located near Talisheek, Louisiana on which the subject accident took place; and
(b). Massy Hill Hunting Club, Inc., a domestic corporation doing business in this district and state, who at all material times was the lessee of said property.
. . . . .
3.
On or about May 17, 1986, two of four mentioned minors were riding a three-wheeler with friends on the property owned by Crown Zellerbach, leased by Massy Hill Hunting Club, Inc. During the evening hours, the two minors suddenly and unexpectedly came upon a gate across a roadway on said property, which was unlit and not clearly visible to them, and struck said gate causing serious injuries to both minors.

*807 4.
The accident in question occurred solely through the fault, strict liability and negligence of the defendants named herein in the following particulars:
(a). Improperly blocking the roadway with an unsafe device;
(b). Failing to issue proper warnings and mark said device clearly;
(c). Failing to maintain said device in all particulars;
(d). Other respects to be shown at trial.
This gate had been placed by Mossy Hill on the property during the lease term pursuant to a clause in the lease that provided, in pertinent part, as follows:
LESSEE shall have the right of ingress and egress upon and over the subject lands at any and all times for the exercise of the rights herein granted and shall have the right to establish and maintain a dual lock system on gates, if any, on entrances to said land.

VALIDITY OF THE SUMMARY JUDGMENT

(Assignments of error 1 and 2)
Plaintiffs allege the trial court erred in granting Mossy Hill's motion for summary judgment. They claim "There are no undisputed issues of material fact in the record which establish Mossy's right to a Summary Judgment on the issue of its negligence in constructing this gate, as well as, its strict liability for the construction of a gate which is not reasonably fit in its intended use."
The law on summary judgments applicable to this case is set forth in Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991) as follows:
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B. ... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
LSA-C.C.P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
. . . . .
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. ... The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted.... Under LSA-C.C.P. art. 967, *808 an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits.
. . . . .
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings....
In certain instances, the failure of an adverse party to file counter-affidavits does not automatically entitle the moving party to summary judgment.... However, if the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to set forth specific facts showing that there is a genuine issue for trial....
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. ... In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. (Citations omitted)
Appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d at 345.

Premises Liability
The owner, or person having custody, of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315. Usually the difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. art. 2317, a claimant is relieved of proving the defendant's knowledge of the risk. Clement v. State, Department of Transportation and Development, 528 So.2d 176 (La.App. 1st Cir.), writ denied, 532 So.2d 157 (La.1988).
Mossy Hill filed a copy of the hunting and fishing lease with the court in support of its motion for summary judgment. This lease has a termination date of March 1, 1986. Plaintiffs filed no counter affidavits, depositions, or other documentation that showed that the lease was still in effect on the date of the accident. Because the lease had terminated, Mossy Hill was not "owner" or "person with custody" of the property at the time of the accident; therefore, there is no strict or negligent premises liability.[6]

Products Liability
Manufacturers of defective products can be held liable under the law of products liability. See, Halphen v. Johns-Manville Sales Corporation, 484 So.2d 110 *809 (La.1986).[7] Plaintiffs' contention that Mossy Hill is liable under a products liability theory has no merit. Mossy Hill is not a "manufacturer" for purposes of products liability law. Mossy Hill built the gate for its own use. It did not place the gate into the "stream of commerce" and is not a manufacturer. See, CNG Producing Co. v. Columbia Gulf Transmission Corp., 709 F.2d 959 (5th Cir.1983); Heirs of Fruge v. Blood Services, 506 F.2d 841 (5th Cir. 1975); Carney v. Marathon Oil Company, 632 F.Supp. 1037 (W.D.La.1986); Restatement (Second) of Torts § 402A comment f (1965). Cf. La.R.S. 9:2800.53(1) and (3); J. Kennedy, A Primer on the Louisiana Products Liability Act, 49 La.L.Rev. 565, 571-572 (1989).

Liability for Negligent Construction
Plaintiffs contend Mossy Hill was negligent in "Failing to issue proper warnings and mark said device clearly".
A person who negligently builds something is liable in tort under La.C.C. art. 2315 for whatever damages are caused by his negligent construction; the builder has a duty to third persons (as well as to parties with whom he contracts) to perform in a workmanlike manner free from defects attributable to either faulty materials or poor workmanship. Clement v. State, Department of Transportation and Development, 528 So.2d at 179. To assert a cause of action in negligence, a party must allege five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries (the scope of duty element); and (5) actual damages (the damages element). Fowler v. Roberts, 556 So.2d 1 (La.1989).
Plaintiffs have cited no authority to us, nor have we found any, that would impose a duty on Mossy Hill to place lights, markings or warnings on a gate on a private, rural, dirt road. Determining whether such a duty exists is a question of law, and, thus, is properly the subject of a motion for summary judgment. In holding that Mossy owed no such duty to plaintiffs, we find the following factors pertinent: (1) Mossy Hill was not in the business of building gates and did not place it in the stream of commerce; (2) the gate was placed on a private road on rural land; and (3) the cost associated with imposing such a duty on landowners and lessees like Mossy Hill would be enormous. The trial court did not err in granting Mossy Hill's motion for summary judgment.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment in favor of Mossy Hill and Scotsdale is affirmed. Plaintiffs are cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] Upon reaching the age of majority, Brad Singletary and Richard Migliore were added as plaintiffs.
[2] The proper name of this defendant is Mossy Hill Hunting Club, Inc.
[3] Plaintiffs' petition improperly referred to this plaintiff as being Richard Migilore.
[4] Plaintiff improperly refers to this defendant as being Scottsdale Insurance Company.
[5] For purposes of a motion for summary judgment, the factual allegations of the plaintiffs' petition are considered as true unless they are rebutted by the defendants' documentary evidence. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991).
[6] At the hearing on the motion for summary judgment, plaintiffs' counsel stated, in pertinent part, as follows:

Your Honor, we'll stipulate that they're not liable pursuant to strict premises liability. But that does not get them off the hook of constructing a defective gate. That's products liability. It's strict liability. It does not get them off the hook for negligence, for putting a gate on a road they know children are riding down the street and they don't put signs, reflecting tape or anything.
(Emphasis added)
This statement by counsel was a judicial confession and constitutes full proof against plaintiffs on the issue of strict premises liability pursuant to La.C.C. art. 2317. La.C.C. art. 1853.
[7] The Louisiana Products Liability Act was enacted by Acts 1988, No. 64, and was not effective until September 1, 1988.