PER CURIAM.
Judgment of the court of appeal 628 So.2d 266, is reversed. The trial judge incorrectly instructed the jury by asking it to determine solely if the evidence showed that the residence contained a defect which rendered it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyers would not have purchased it had they known of the vice. See La.Civ.Code art. 2520. Although this definition of redhibition is the correct standard for determining if the sale should be rescinded, the judge failed to instruct the jury of its ability to find either a defect which merely diminished the value of the residence or that the residence did not contain a quality it had been declared to possess, thereby warranting a reduction in the purchase price. La.Civ. Code arts. 2541 and 2542. Under Louisiana Civil Code article 2543, the judge in a redhi-bition suit “may decree merely a reduction of the [purchase] price.” Since the jury never considered the question of whether plaintiffs were entitled to a reduction in the purchase price, the ease is remanded to the court of appeal to make an independent determination of the facts from the record without according any weight whatsoever to the factual findings of the erroneously instructed jury. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
CALOGERO, C.J., and WATSON, J., would grant the writ and docket the case for argument.
KIMBALL, J., not on panel.