|2LeBLANC, Judge.
This matter is before us on remand from the Louisiana Supreme Court, after a reversal of this Court’s judgment affirming the jury’s verdict dismissing plaintiffs’ claims for rescission of the sale of immovable property due to alleged redhibitory defects. Dodson v. Walker, 93-2627 (La. 1/7/94); 630 So.2d 247.
In August, 1990, Richard and Gloria Dodson, plaintiffs, purchased a home for the sum of $637,500.00 from Shelley Walker, defendant. Although no defects were noticed by the Dodsons, the realtors, or the real estate appraiser, after purchasing the home, plaintiffs discovered cracks in the home’s foundation. Plaintiffs’ additional investigation revealed cracking in the courtyard fountain, exterior brick cracking, pooling of water on the upstairs porches, roof leaks, and sticking and sagging of room and cabinet doors. Plaintiffs sought a rescission of the sale and a return of the purchase price, plus damages and costs.
LAW AND DISCUSSION
Pursuant to La.C.C. arts. 2541-2544, in a redhibitory action, a reduction in price may be awarded a purchaser when, although not warranting rescission, the thing purchased contains defects which diminished its value. See Rhodes v. All Star Ford, Inc., 599 So.2d 812 (La.App. 1st Cir.1992).
In the instant case, the jury interrogatories did not permit the jury to consider the question of finding “either a defect which merely diminished the value of the residence or that the residence did not contain a quality it had been declared to possess, thereby warranting a reduction in the purchase price.” Dodson v. Walker, p. 1; 630 So.2d at 247. The Louisiana Supreme Court has instructed this court to do so. Id. Therefore, we consider this single issue and make an independent determination of the facts from the record. Id.
Plaintiffs assert in their reply brief that “the foundation was constructed without soil testing, and that instead of constructing a structural or voided foundation, the home was constructed with a foundation on grade that was susceptible to the upper pressure of the expansive clays underneath it” and that “this major defect or lack of quality caused the recurring problems”. Experts for all parties testified that no soil testing was done prior to the design and construction of the home’s foundation.
|3Pr. Louis Capozzoli, a geo-technical engineer testified that the cracking was caused by the natural characteristic of concrete to shrink as it drys and the swelling of the soil under the foundation. Dr. Capozzoli went on to agree that when there is cracking in the foundation, there will also be cracks in the ceiling molding, tile, sheetrock or ridge caps on the roof.
The occasion and occurrence of movement and cracking in the foundation and structure of the home, regardless of the cause, and the additional problems including exterior brick cracking, roof leaks and sticking and sagging interior doors, establish a lack of quality, thereby warranting a reduction in the purchase price.
The price reduction is the difference between the sale pricé and the price a reasonable buyer and seller would have agreed upon if they had known of the defects. Bell v. Battles, 532 So.2d 479 (La.App. 1st Cir.1988); Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116 (La.App. 1st Cir. 1982). Although we are aware of some instances where the amount of reduction was determined to be that amount necessary to convert an unsound structure into a sound one, we decline to utilize that method of calculation in this instance. The Louisiana Supreme Court stated in Lemonier v. Coco, 237 La. 760, 112 So.2d 436, 438 (La.1959):
In a successful action for a reduction of the purchase price the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value *1155 as warranted. However, with respect to the sale of realty, unless there has been an immediate resale, the difference is not readily and easily ascertainable. As a consequence this court has declared that in such a case the allowable diminution is ‘the amount necessary to convert the unsound structure into a sound one’ or, as otherwise expressed, ‘the cost of repair’s necessary to make the thing whole’. (Citations omitted.)
In the instant case, we are presented with evidence which makes the difference “easily ascertainable” and we, therefore, apply the general rule.
At trial, the Dodsons introduced a $400,-000.00 offer to purchase the home, made by Dr. and Mrs. Thomas Hebert. The Heberts leased the home and were familiar with all aspects of the home. We subtract the sum of $400,000.00 from the original sale price of $637,500.00, thereby granting a reduction in price of $237,500.00.
The Dodsons also argue they are entitled to expenses incurred in the preservation of the home, subject to credit for rent payments received, pursuant to La.C.C. art. 2531, which provides, in pertinent part:
|4The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
This code article is applicable when there has been a rescission of the sale. In the instant case, there has been awarded a reduction in the purchase price. In MTU of North America v. Raven Marine, 603 So.2d 803, 811-812 (La.App. 1st Cir.1992), writ denied, 612 So.2d 55 (1993), this court stated:
Furthermore, the trial court’s awards for repairs and downtime are inconsistent with our action in awarding a reduction in the purchase price in lieu of rescission of the sale, and we vacate them. The cost of repairs is an expense for the preservation of the product. In a suit for the rescission of the sale, the buyer is awarded costs of repairs because the preserved product is returned to the manufacturer. But in a suit for reduction of the purchase price, the product remains with the buyer. The cost of preserving the product is for the buyer’s own benefit; it is not reimbursable. (Citations omitted).
In the instant case, wherein we have reduced the purchase price, neither preservation costs nor credit for rent received, are due.
In addition, the Dodsons assert, under the provisions of La.C.C. art. 2545, a claim for attorney’s fees and additional damages based on Shelley Walker’s knowledge of the vice giving rise to a reduction in the price. La.C.C. art. 2545 provides:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.
The Dodsons urge the evidence establishes Ms. Walker knew of the problems with the home. Ms. Walker testified at trial that before she moved into the home, she noticed a crack in the foundation. In addition, while she was the owner, water leaked out of the courtyard fountain. Upon inspection Ms. Walker discovered a crack in the fountain. In both instances, Ms. Walker called the problems to the attention of Mr. Larry Normand, the contractor, who repaired the cracks. When Ms. Walker sold the home to the Dodsons, she was not experiencing any of the problems of which the Dodsons later complained. She had been assured by the contractor that any problems had been corrected. In addition, her experience had been that with any difficulty, the contractor had immediately addressed and corrected her concerns. We cannot conclude Shelley Walker knew of a vice and omitted to declare it. She is not liable for attorneys’ fees or damages.
|5DECREE
For the foregoing reasons, we reverse that portion of the trial court judgment dismiss *1156 ing plaintiffs’ claim, and hereby render judgment in favor of plaintiffs, RICHARD J. DODSON and GLORIA M. DODSON, and against defendant, SHELLEY M. WALKER, in the amount of TWO HUNDRED THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($237,500.00), together with legal interest thereon from the date of judicial demand until paid.
Costs of this appeal to be paid by defendant.
REVERSED IN PART, AND RENDERED.
LOTTINGER, C.J., concurs in part and dissents in part and assigns reasons.