|2LeBLANC, Judge.
The primary issue in this appeal is whether the trial court erred in finding defendants, homeowners who built an addition to their home which contained a redhibitory defect, were not manufacturers as a matter of law.
FACTS
On April 28, 1992, plaintiffs, Todd and Elizabeth Foust and Don and Donna Kil-bourne, purchased a house from defendants, Peter and Lynn McKnight, for $72,250.00. The house was purchased as a residence for Todd and Elizabeth Foust.[1] Shortly after the sale, plaintiffs discovered extensive water damage and rotten wood in the sub-floors in certain areas of the house. At trial it was established that the damage originated in the plumbing in the bathroom of the master bedroom suite, which was an addition to the original house. However, the damage extended beyond the addition, which had been built by Mr. McKnight and his father-in-law several years prior to the 1992 sale.
On September 18, 1992, plaintiffs filed suit against defendants, alleging there were red-hibitory defects in the house and seeking to recover repair costs, general damages and attorney’s fees. Following a bench trial, the trial court rendered judgment in favor of plaintiffs, awarding $7,711.44 as the costs of repairing the redhibitory defects. The trial court denied plaintiffs’ request for general damages and attorney’s fees, based on its conclusion that defendants were not manufacturers “within the meaning of the Civil Code articles on redhibition” and, therefore, could not be imputed with knowledge of the redhibitory defects. Plaintiffs appealed.
ISSUES
The issues raised by plaintiffs on appeal are:
1. Whether or not the McKnights, as homeowners who built an addition to their home which contained a latent defect (and who subsequently sold their home) are | 3 “manufacturers” for redhibition purposes, cast with presumptive knowledge of the defect?
2. Whether or not plaintiffs are entitled to appropriate general damages and attorney fees resulting from said latent, redhi-bitory defect as mandated by La.C.C. art. 2545, where the seller had actual or presumptive knowledge of the defect?
ISSUE ONE
At the time of the sale, La.C.C. art. 2545 provided:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.
The Courts have consistently construed this provision to mean that a manufacturer is presumed to have knowledge of the vice in the thing sold.[2] Besse v. Blossman, 521 *1149 So.2d 570, 574 (La.App. 1st Cir.1988); Rasmussen v. Cashio Concrete Corp., 484 So.2d 777, 779 (La.App. 1st Cir.1986). Accordingly, a defendant who is considered to be a manufacturer is liable for damages and attorney’s fees under La.C.C. art. 2545. Rasmussen, 484 So.2d at 779.
In the present case, it is undisputed that Mr. McKnight, with the help of his father-in-law, built the addition to the house in its entirety. Further, the record establishes the damages in question originated from the construction of the addition. Nevertheless, the trial court held, without giving reasons, that defendants could not be considered “manufacturers” for redhibition purposes.
Based on our review of the jurisprudence, we conclude the trial court erred in finding as a matter of law that defendants were not manufacturers for redhibition purposes. In Drewes v. Giangrosso, 429 So.2d 198, 201 (La.App. 1st Cir.1983), this Court recognized the well-established principle that:
[A] vendor-builder of a residence is considered to be a manufacturer, and as such he cannot avoid the conclusively presumptive knowledge of the defects in thejjthing he manufactures. Since Mr. Giangrosso built the house which was the object of the sale herein, he must be considered the manufacturer. As such, he is hable for all damages caused by the defect and reasonable attorney fees, (citations omitted)
Accord Bell v. Battles, 532 So.2d 479, 480-81 (La.App. 1st Cir.1988); Besse, 521 So.2d at 574. Since Mr. McKnight built that part of the house which contained the vice, he must be considered the manufacturer of that portion of the house. Therefore, he is conclusively presumed to have knowledge of the vice contained therein. Bell, 532 So.2d at 480; Besse, 521 So.2d at 574; Drewes, 429 So.2d at 201.
In brief, defendants argue they should not be treated the same as those vendor-builders who have been found to be manufacturers, because they are not professional builders and built the addition to the house for their own use. They contend the jurisprudence has only imposed manufacturer status on those vendor-builders motivated by profit, i.e., building contractors and real estate developers.
We disagree with defendants’ assertions that only those vendor-builders who are professional builders and/or who were motivated by profit have been accorded manufacturer status as the result of building a private residence. In Drewes, this Court’s holding that the vendor-builder was liable as a manufacturer was not based on his status as a professional builder, contractor or developer or the fact that he built the house in question for profit. Rather, the holding was based on the mere fact that the defendant had built the house containing the redhibitory defect and had sold it to the respective plaintiffs and, therefore, “must be considered the manufacturer [of the house].” Drewes, 429 So.2d at 201. The holdings in Bell and Besse were reached on the same basis. See Bell, 532 So.2d at 480; Besse, 521 So.2d at 574.
Nor is defendants’ reliance on the holding in Singletary v. Crown Zellerbach, 607 So.2d 804 (La.App. 1st Cir.1992) well-founded. In Singletary, which was a tort case, this Court held that a defendant who built a gate struck by plaintiffs vehicle, could not be considered a manufacturer of the gate since defendant Igbuilt the gate for his own use and did not place it in the stream of commerce. The present case is distinguishable because, although defendants herein originally built the addition for their private use, they subsequently decided to place the house upon the open market, resulting in its sale to plaintiffs.
For these reasons, we conclude the trial court erred in finding defendants were not the manufacturers of the addition to the house purchased by plaintiffs. Since the addition to the house contained the redhibitory, defect causing plaintiffs’ damages, defendants must be considered manufacturers for purposes of determining their liability to plaintiffs.
ISSUE TWO
We agree with plaintiffs’ contention that the trial court erred in denying their claims *1150 for general damages and attorney’s fees on the basis that defendants were not manufacturers. Having concluded herein that defendants were manufacturers, we further conclude plaintiffs were entitled to damages and attorney’s fees under La.C.C. art. 2545. Since the entire record is before us, this Court will render awards to plaintiffs for these items, rather than remanding this matter to the trial court to do so.
Todd and Elizabeth Foust both testified as to the nature and duration of the inconvenience they suffered as a result of making the necessary repairs to the house. Additionally, Mrs. Foust testified that, for approximately a one month period while sanding and sheetrock work was being performed, she suffered from sinus and allergy problems. Considering all the circumstances, we believe $1,500.00 is an appropriate award of general damages to plaintiffs, Todd and Elizabeth Foust.
At trial, plaintiffs filed an itemized statement of attorney’s fees from their attorney totalling $8,066.68, consisting of $7,568.75 for legal services and $497.93 in expenses. In addition to that amount, plaintiffs also request $8,000.00 in attorney’s fees for the handling of a motion for new trial filed in the trial court and the present appeal.
l6In making an award of attorney’s fees, we have thoroughly reviewed the record, including the pleadings and memoranda filed, the discovery conducted, the preparation and court appearances made, the trial transcript, and the amount in dispute, as well as the complexity of the issues involved herein. See Khaled v. Windham, 94-2171, p. 11 (La.App. 1st Cir. 6/23/95), 657 So.2d 672, 680, writs dismissed, 95-1914, 95-1937 (La. 11/1/95), 661 So.2d 1369. We have also considered the itemized statement for legal services filed by plaintiffs attorney. Based on our review of all relevant factors, we award $9,816.68 for attorney’s fees.
CONCLUSION
For the reasons assigned, the judgment of the trial court is amended to award $1,500.00 in general damages to plaintiffs, Todd Foust and Elizabeth Foust. The judgment is further amended to award plaintiffs, Todd Foust, Elizabeth Foust, Don Kilbourne and Donna Kilbourne, $9,816.68 in attorney’s fees. The judgment of the trial court is affirmed in all other respects. The costs of this appeal are to paid by defendants, Peter and Lynn McKnight.
AFFIRMED, AS AMENDED.

. Plaintiffs are co-owners of the house. Don and Donna Kilbourne are Elizabeth Foust's parents.

. La.C.C. art. 2545 was amended by Acts 1993, No. 841, § 1 (effective January 1, 1995), and now specifically provides that "[a] seller is deemed to *1149 know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing."