441 So.2d 272 (1983)
John E. PICKRON & Judith A. Pickron Husband & Wife,
v.
Mrs. Betty Webre KREBS, Individually and Betty Webre as Testamentary Executrix of the Succession of John M. Krebs.
No. 5-363.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
Writ Denied December 16, 1983.
*273 William J. Wegmann, New Orleans, for defendants-appellants.
Mack E. Barham and Ralph S. Hubbard III, New Orleans, for plaintiffs-appellees.
BOUTALL, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
This action for reduction of the purchase price was instituted in the 24th Judicial District Court by Mr. and Mrs. John E. Pickron, who had obtained the residence at 6818 Louisville Street in New Orleans from Mr. and Mrs. John M. Krebs.
The trial judge rendered judgment in favor of the Pickrons in the amount of $4,847.70, and from this decree both plaintiffs and defendants have appealed.
The Pickrons believe that the trial judge erred in not awarding attorney fees, while the Krebs' main contentions are that prescription had set in before suit was filed and that damages should not have been awarded.
We affirm the trial judge's determination that the suit was timely filed and we affirm the award of $4,847.70. In addition, we award $2,500.00 as attorney fees.

FACTUAL BACKGROUND
The act of sale was passed on August 20, 1976. The home had no apparent vices and the sellers did not advise of any latent or hidden defects.
In December of 1976, the Pickrons discovered a small leak in the den. Several broken shingles were replaced by Henry's Sheet Metal Works, who suggested additional work. On April 22, 1977, the Pickrons had the roof inspected by Hibernia Roofing and Metal Works, but no additional repairs were recommended.
In November of 1977, however, another leak developed and the Pickrons employed Roy Rhoades to make the repairs. Mr. Rhoades inspected the roof in December, 1977, and told the Pickrons that the 10-foot beam supporting the den roof was sagging and could collapse. Testimony of various expert witnesses indicated that a structural defect was indeed present. An eight inch steel beam should have been installed instead of a much smaller wooden beam.
To support the roof and prevent it from falling, a large post had to be installed in the middle of the den.
Alleging that the inadequate beam constituted a hidden structural defect, the Pickrons filed suit on October 25, 1978, which was two years and two months after the purchase.

PRESCRIPTION
Mr. and Mrs. Krebs do not strenuously argue that the amount of $4,847.70 was excessive, but they do maintain that the suit was not filed in time.
The trial judge could have applied either of two Civil Code articles dealing with prescription.
LSA-C.C. art. 2534 reads:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.

*274 "This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser..."
LSA-C.C. art. 2546 deals with prescription when the seller is in bad faith:
"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice..."
The trial judge found Art. 2546 applicable, imputing knowledge of the hidden defect to Mr. Krebs and deciding that the one-year prescriptive period did not commence until discovery of the faulty beam in December, 1977. The earlier roof leaks were not indicative of a defective beam.
Although a land surveyor by trade, the record shows that Mr. Krebs had knowledge of engineering and construction. He drew up the plans and specifications for the addition, he obtained the necessary building permits, he hired the carpenters and he personally supervised the construction work.
We cannot say that the trial judge erred by placing Mr. Krebs in the shoes of a craftsman or builder with regard to the prescription articles.

ATTORNEY FEES
LSA-C.C. art. 2545 authorized attorney fees if the seller conceals a vice or defect and omits to declare it. Although the trial judge stated that he did not believe that either Mr. or Mrs. Krebs actually knew that the supporting beam was inadequate, such knowledge is imputed if the seller is qualified as Mr. Krebs was and does in fact plan and supervise the construction work. See Schamens v. Crow, 326 So.2d 621 (La.App. 2nd Cir.1975).
Considering the amount of recovery, and the required legal endeavors, we award $2,500.00 as attorney fees.

CONCLUSION
We hold that a person with engineering and construction knowledge who plans, designs and personally supervises the building of an addition to a residence is presumed to be aware of any structural defect, and the lack of knowledge regarding any structural defect is imputed to him.
Accordingly, we find, as did the trial judge, that knowledge of the defect was imputed to Mr. Krebs, that the structural defect was not known until December, 1977, and that the suit was filed within a year of discovery.
We affirm the award of $4,847.70 to the Pickrons, and we award, in addition, the sum of $2,500.00 as attorney fees. In all other respects, the district court judgment is affirmed.
AMENDED AND AFFIRMED.