510 So.2d 1341 (1987)
Robert Brown CHASTANT & Susan Cox Chastant, Plaintiffs-Appellants,
v.
SBS-HAROLYN PARK VENTURE, et al., Defendants-Appellees.
No. 86-711.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Writ Denied October 16, 1987.
*1342 Michael D. Lopresto, New Iberia, for plaintiffs-appellants.
Debra Jean Becnel, Lafayette, Paul C. Tate, Jr., Mamou, for defendants-appellees.
Before FORET, KNOLL and CULPEPPER[*], JJ.
FORET, Judge.
This is a redhibitory action brought by the purchasers of a town home, Robert Brown Chastant and Susan Cox Chastant, against the vendor-developer, SBS-Harolyn *1343 Park Venture, et al., seeking rescission of the sale, damages, and attorney's fees and, alternatively, seeking a reduction of the purchase price, damages, and attorney's fees. The vendor-developer filed a peremptory exception of prescription in the trial court. The trial court sustained the exception, dismissing vendees' suit, and they have appealed.

FACTS
Plaintiffs purchased a town home from SBS-Harolyn Park Venture on January 3, 1982, for the sum of $209.775. SBS is a Louisiana partnership. The articles of partnership reflect that SBS is composed of the following partners: SBS Building Corporation, the managing partner, president of which is Thomas R. Becnel; Don J. O'Rourke; Gerald M. Gossen; Delegal Construction Corp.; Harold Paul Chastant; Manning F. Billeaud; and R. Craig Strait. The articles of partnership further reflect that SBS is in the business of: leasing, acquiring ownership of immovable property, planning, developing, managing, and disposing of immovable property for the purpose of investment.
The partnership owned immovable property upon which it built some town homes. The town home project was named Harolyn Park Town Homes. The project was a speculative venture for profit. The actual construction of the town homes was performed by Aachen Construction Company. Pursuant to a construction contract, Aachen was to follow specifications and plans drawn by an architectural firm employed by SBS.
The architectural firm employed by SBS is O'Rourke & Associates, Ltd. Don O'Rourke is the major shareholder of the architectural firm and is, coincidentally, a partner in SBS. Pursuant to the construction contract between Aachen and SBS, the architect, Don O'Rourke, had complete control over payment to the contractor and was to issue the certificates of acceptance and substantial completion.
Subsequent to the sale, plaintiffs discovered several defects in the town home and filed suit alleging redhibitory defects on May 9, 1985 (as above noted, the date of purchase was January 3, 1982). The petition additionally alleges that plaintiffs tendered the town home for repairs and brought the alleged defects to defendants' attention. Plaintiffs contend that SBS should be held liable as a manufacturer because SBS-Harolyn Park Venture is a sophisticated vendor-builder and should be placed in the shoes of a manufacturer for determining the applicable prescriptive period in this case. Defendants allege that they were merely vendors and should not be held as manufacturers. They argue that only the one-year-from-date-of-sale prescriptive period should apply.
After filing a peremptory exception of prescription, the trial judge rendered judgment sustaining defendants' exception and dismissed plaintiffs' suit. Plaintiffs have appealed.

ISSUE
The primary issue is whether the trial court erred in sustaining defendants' exception of prescription. More specifically, should the prescriptive period in C.C. art. 2534, providing that the redhibitory action must be filed within a year from the date of the sale, apply or should the prescriptive period in C.C. art. 2546, providing for a period of one year from the date of the discovery of the vice, apply? Art. 2534 provides that a buyer's action in redhibition prescribes one year from the date of sale if the seller has no knowledge of the latent defects. Arts. 2545 and 2546 are an exception to Art. 2534[1]. They provide that the *1344 buyer's action in redhibition prescribes one year from the date of discovery of the defects if the seller has knowledge of the latent defects but omits to declare it. Furthermore, the jurisprudence of Louisiana is well settled that the builder or the manufacturer is presumed to know the defects in the articles he constructs or manufactures. Smith v. H.J. Landreneau Building Contractor, Inc., 426 So.2d 1360 (La.App. 3 Cir.1983) and cases cited therein. Louisiana law provides for: (1) imputation of knowledge to a vendor; and (2) holding a vendor to be a manufacturer. The result insofar as a prescriptive period is concerned is the same. For example, if knowledge of a defect is imputed to a vendor, the vendor will be considered a bad faith seller. Therefore, prescription begins to run one year from the date of the discovery of a defect. However, if the vendor is considered a manufacturer, a conclusive presumption applies that the manufacturer knew of the vices of the thing it made and prescription begins to run one year from the date of the discovery of the defect.

WHO IS A MANUFACTURER?
The actual manufacturer of a product is held to the higher standard of a manufacturer. Additionally qualifying for "manufacturer" status is a vendor who holds out the product as his own. Penn v. Inferno Manufacturing Corp., 199 So.2d 210 (La.App. 1 Cir.1967), cert. den., 251 La. 27, 202 So.2d 649 (La.1967). Holding out a product in any significant manner as one's own is likely to earn one the label "manufacturer." Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972); Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978). Furthermore, the manufacturer of the completed product is treated as a manufacturer of the component parts. Spillers v. Montgomery Ward & Co., Inc., 294 So.2d 803, 807 (La.1974). Obviously, "apparent manufacturers" may be held liable in redhibition, when a manufacturer's imputed knowledge of defects is assessed against them.
A vendor-builder of a dwelling is a manufacturer who cannot avoid the conclusive presumption of knowledge of defects in the thing he manufactures. Cox v. Moore, 367 So.2d 424 (La.App. 2 Cir.1979), writ denied, 369 So2d 1364 (La.1979); Schamens v. Crow, 326 So.2d 621 (La.App. 2 Cir.1975); Drewes v. Giangrosso, 429 So.2d 198 (La.App. 1 Cir.1983); Hermeling v. Whitmore, 140 So.2d 257 (La.App. 1 Cir.1961), cert den. June 15, 1962 (citation not found).
In the case at hand, the trial court's reasons for judgment simply state that in its opinion, SBS should not be held a manufacturer of town homes. The trial court's conclusion is unsupported and erroneous. Art. 2546 of the Civil Code is applicable, thereby imputing knowledge of the latent defects in the town home to SBS-Harolyn Park. Consequently, the one-year prescriptive period did not commence until plaintiffs discovered the redhibitory defects in the town home.
The record reflects that the managing partner, SBS Building Corporation, held 55% of the partnership interest. Furthermore, SBS-Harolyn Park Venture partnership was composed of one building corporation, one construction company, and two architects, in addition to some other individuals. O'Rourke's (himself a partner) architectural firm drew the specs and plans for the town home. Therefore, the record reflects *1345 that O'Rourke and his architectural firm had knowledge of the construction work performed by Aachen Construction Company. A person and a firm with engineering and construction knowledge that plans, designs and personally supervises the building of a structure should be presumed to be aware of any structural defects, and any lack of knowledge regarding the structural defects is imputed to the firm or to the person. Pickron v. Krebs, 441 So.2d 272 (La.App. 5 Cir.1983), writ den., 442 So.2d 481 (La.1983); Chappuis v. Sears Roebuck & Co., supra.
Applying the above-stated law to the facts of this case, it is obvious that SBS-Harolyn Park was not an "innocent" vendor; instead, it is a vendor-builder-developer, intricately involved in the planning and development of the town home purchased by plaintiffs. The applicable principle of law was stated in Schamens v. Crow, supra, where the court quoted from Doyle v. Fuerst & Kraemer, Ltd., 129 La. 838, 56 So. 906, 907 (La.1911), the following language:
"The principle which governs this case is that every one ought to know the qualities, good or bad, of the things which he fabricates in the exercise of the art, craft, or business of which he makes public profession, and that lack of such knowledge is imputed to him as a fault, which makes him liable to the purchasers of his fabrications for the damage resulting from the vices or defects thereof which he did not make known to them and which they were ignorant of."

Schamens v. Crow, supra, 326 So.2d at 626. (emphasis ours)

CONCLUSION
Based upon the particular facts of this case, and for the reasons discussed, prescription did not commence to run against SBS until plaintiffs discovered the alleged defects. Therefore, the trial court erred in sustaining defendants' exception of prescription. Defendants cite several non-persuasive cases which are readily and easily distinguishable from the facts in the case before us and, consequently, are not applicable.
As a result of our finding of trial court error in sustaining defendants' exception of prescription, we remand the case to the trial court for further proceedings.

DECREE
For the foregoing reasons, the judgment appealed from is reversed and it is now
ORDERED, ADJUDGED AND DECREED that the peremptory exception of prescription be denied, and the proceedings at the trial court level continue in conformance with the dictates herein.
Defendants are to pay all costs of this appeal. Costs at the trial court level shall await the disposition of further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Pro Tempore.
[1] "Art. 2545. Liability of seller for concealment of vice

The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
"Art. 2546. Prescription of redhibitory action when seller in bad faith
In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller."
"Art. 2634. Prescription of redhibitory action; exception and suspension
The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser."