LABORDE, Judge.
Plaintiffs, Lloyd and Gayle Lee, filed a redhibition suit against the defendants, Rodney and Ruby Kendrick. Plaintiffs’ petition sought to rescind the sale of a second home/camp in Sabine Parish. The Lees purchased the camp from the Kendricks on July 8, 1983. They filed the redhibition suit on October 21, 1986. The Kendricks subsequently filed a peremptory exception of prescription claiming that any potential claim by plaintiffs prescribed one year from the date of purchase. The trial court granted defendants’ exception. Plaintiffs now appeal asserting that Mr. Kendrick acted as his own general contractor in constructing the camp and that the applicable prescriptive period should be one year from the date of discovery of the defect (making their claim timely). We affirm the trial court’s judgment maintaining the exception of prescription.
FACTS
The Kendricks purchased a parcel of land in Sabine Parish in 1976 with the intent to have a camp constructed upon the land. Mr. Kendrick got floor plans for a vacation home out of a magazine. He made some modifications in those plans and submitted them to a professional to draft the plans into a final floor plan for the camp. Kendrick hired a contractor to pour the foundation for the camp. He hired some other workers to build the frame of the camp. He then hired a crew to lay the bricks. Kendrick visited the site only on weekends to see how it had progressed. He did not supervise the workers. After the other work was completed, Kendrick and his father did much of the electrical and plumbing work, the carpentry, and the inside finish work on the camp. The camp was completed in July, 1978. The Kendricks then used the structure as a camp until they sold it to the Lees for $52,000 on July 8, 1983. The Lees also used the structure as a camp. On September 3, 1986, the Lees discovered large cracks in the exterior brick walls of the structure and also numerous cracks in its foundation. The Lees then filed the instant suit on October 21, 1986, seeking recision of the sale and damages.
PRESCRIPTION
The relevant prescriptive rules for redhibition cases were recently summarized by this court in Chastant v. SBS-Harolyn Park Venture, 510 So.2d 1341 (La.App.3d Cir.), writ denied, 513 So.2d 825 (La.1987). In that case we stated:
“Art. 2534 provides that a buyer’s action in redhibition prescribes one year from the date of sale if the seller has no knowledge of the latent defects. Arts. 2545 and 2546 are the exceptions to Art. 2534. They provide that the buyer’s action in redhibition prescribes one year from the date of discovery of the defects if the seller has knowledge of the latent defects but omits to declare it. Furthermore the jurisprudence of Louisiana is well settled that the builder or the manufacturer is presumed to know the defects in the articles he constructs or manufactures.” (footnote omitted)
Id. at 1343-44.
In the present matter, it is clear that the key determination is whether Mr. Kendrick was the builder or manufacturer of the camp. If so, then the applicable prescriptive period would be one year from discovery of the defect, thus making the Lees’ redhibition claim timely. If Mr. Kendrick is not considered as having built the camp, the Kendricks would be considered good faith sellers and plaintiffs’ claim would have prescribed one year from the date of purchase.
Plaintiffs assert that Kendrick basically acted as his own general contractor in the construction of the camp. They rely heavily on the case of Pickron v. Krebs, 441 So.2d 272 (La.App.5th Cir.), writ denied, 442 So.2d 481 (La.1983), in support of their position. Defendants claim that Mr. Kendrick has never been employed to do carpentry or foundation work and has never publicly claimed to have any special skills in these areas. They claim that he did not *337 supervise any of the other construction work and did not initially build the camp with the intent to sell it. They claim to be nothing more than good faith sellers and thus that the one year prescriptive period from the date of sale should apply.
We agree with plaintiffs that PicJcron is applicable here. However, we feel that factual dissimilarities between the present matter and PicJcron warrant a different result in this case. PicJcron involved plaintiffs who purchased a home from defendant in August, 1976.[1] The roof of the home began to leak and in December, 1977, it was determined that there was a structural defect in the home. The plaintiffs then filed a redhibition suit in October, 1978. The trial court determined that the defendant drew up the plans and specifications to the addition of the home where the redhibitory defect allegedly occurred; that he obtained the necessary building permits and hired the carpenters; and that he personally supervised the construction work. The trial court thus held that the plaintiffs’ suit was timely as it was filed within one year of discovery of the defect. In affirming, the court stated that the trial court did not err in placing the defendant in the shoes of craftsman or builder in regards to the prescription articles. The court then stated:
“We hold that a person with engineering and construction knowledge who plans, designs and personally supervises the building of an addition to a residence is presumed to be aware of any structural defect ...”
Id. at 274.
In the present matter, there is no evidence that Mr. Kendrick had any knowledge of engineering or construction as did the defendant in PicJcron. Mr. Kendrick did not draw up the plans for the camp, but found them in a magazine. Although he made some changes in the plans, he submitted them to a professional to be properly drafted. Mr. Kendrick did not do any of the exterior work on the camp. He hired construction workers to lay the foundation, build the frame, and lay the bricks. He did not supervise those workers and was not present when most of the work was completed. Mr. Kendrick’s (and his father’s) contribution to the camp was inside plumbing, electrical work, etc. We note that the defects complained of by plaintiffs involve the exterior brick walls and the foundation of the home — works not completed or supervised by Kendrick. We thus find the facts in the present matter to be distinguishable from PicJcron. We hold, contrary to plaintiffs’ assertion, that Mr. Kendrick did not effectively act as a general contractor in the construction of the camp. The Kendricks merely acted as good faith sellers of the camp and any action in redhi-bition was prescribed one year from the date of the sale.
The decision of the trial court granting defendants’ peremptory exception of prescription is, therefore, affirmed. Costs of this appeal are taxed to plaintiffs.
AFFIRMED.

. It is unclear from the facts of PicJcron whether or not the home served as defendant’s residence prior to the sale.