JIJONES, Judge.
Plaintiffs, Jerry and Patsy Carlisle, appeal the trial court’s judgment maintaining defendants’ Exception of Prescription in this cause of action for redhibition. We affirm.
Defendants purchased an undeveloped lot at 6921 Barrington Drive in East New Orleans in 1976. In late 1977 defendants undertook construction of a home on the property with the intent of making it their personal residence. Defendants moved in upon completion of the home and resided there for approximately eight years. On June 16, 1986, defendants sold the home to plaintiffs.
In April of 1988 the wooden floor of the sunken living room in the home “buckled”. Sometime thereafter Mr. Carlisle contacted Mr. Prieur and complained that the floor was defective. Mr. Prieur put him into contact with Troendle, Inc., the installers of the floor. It was Mr. Troendle’s testimony at trial that upon inspection he concluded that the floor buckled because no wood floor could withstand the kind of moisture/water problems present. Plaintiffs expert, Mr. Gerry Greenblum, concluded that the buckling of the floor was caused by voids |2in the concrete slab of the home which were the result of wooden stakes left in the slab that rotted out allowing water to seep in through the foundation.
On July 8, 1988, defendants sued plaintiffs alleging a cause of action in redhibition. In April of 1990 the trial court heard defendants’ Exceptions of Improper Venue, Vagueness, Prematurity, No Right of Action and No Cause of Action. The trial court denied defendants’ Exception of Improper Venue and No Cause of Action. Defendants’ Exception of Vagueness was granted in part and plaintiffs were ordered to amend their petition. Defendants’ Exceptions of Prematurity and No Right of Action were continued. In May of 1991 the trial court heard defendants’ Exception of Prescription which was maintained. In its reasons for judgment the trial court wrote:
The period for an action against contractors for defects in buildings is subject to a liberty (sic) prescription of ten years. Action by vendees against vendors is subject *1297 to a liberty (sic) prescription of one year unless the vendor acts in bad faith.
While the evidence would lend to the argument that Kenneth Prieur was in fact the general contractor on the house made the subject of the lawsuit, ten years had elapsed or passed from the time that the house was built to the filing of this lawsuit (i.e. the house was constructed in late 1977 or early 1978) this suit was filed July 8, 1988.
Secondly, the parties have stipulated that the house was purchased by the Car-lisles from the Prieurs on June 6, 1986. One year from that date would have been June 6,1987, approximately one year prior to the institution of the lawsuit.
The court is not convinced by the weight of the argument that the Prieurs had knowledge of the defect in the slab at the selling of the property to the Carlisles.
For the foregoing reasons, the court maintains the Exception of Prescription.
It is from this judgment that plaintiffs appeal.
Plaintiffs argue that defendant, Kenneth Prieur was the builder/manufacturer of the residence. If an action in redhibition is brought against the builder/manufacturer of a residence, it is presumed that he has knowledge of any defects |gin the residence. Beth Israel v. Bartley, Inc., 579 So.2d 1066 (La.App. 4th Cir.1991), writ denied 587 So.2d 696 (La.1991). Therefore, plaintiff argues that in a redhibition action against a bad faith seller, under La.C.C. article 2534, the one year prescriptive period from discovery of the defect is applicable. Plaintiff alleges that the defect was discovered in April of 1988 and suit was brought in June of 1988 and is therefore timely.
We note that at the time this case was brought article 2534 of the Louisiana Civil Code provided for a prescriptive period of one year from date of sale not date of discovery for good faith sellers. If, as plaintiff argues, Kenneth Prieur is deemed to be a bad faith seller as the builder/manufacturer of the residence, one must look to former La.C.C. article 2546 which allows an action in redhibition at any time so long as a year has not elapsed since the discovery of the vice.[1]
Defendants argue that Kenneth Prieur was not the builder/manufacturer of the residence and submit that the applicable prescriptive period is one for actions in redhibition against good faith sellers which is one year from the date of sale. La.C.C. article 2534. Because plaintiffs purchased the residence on June 16, 1986, and suit was not filed until June of 1988, this action has prescribed.
Defendants argue that it was stipulated between the parties that defendants did not have knowledge of the defect at the time of the sale. We note that such a stipulation was not made a part of the record. Defendants also argue that, if by operation of law, defendants are presumed to have knowledge of the defect, that presumption is properly rebutted by the stipulation between the parties. Finally, Lin its reasons for judgment the trial court specifically found that plaintiffs did not have knowledge of the defect.
Defendants further argue that even if this Court were to find that Kenneth Prieur was the builder/manufacturer of the residence, which he denies, plaintiffs’ cause of action is prescribed under La.C.C. article 3500. La. C.C. article 3500 provides:
An action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.
Additionally, defendants argue that plaintiffs’ suit is subject to a peremptive period of ten years from the date of completion of *1298 construction or occupancy in accordance with La.R.S. 9:2772. La.R.S. 9:2772 is clear that in suits against contractors the peremptive period begins to run from the date of completion of construction, if there is a registered acceptance of the work in the mortgage office, or from the date of occupancy. The record reflects that construction was completed in late 1977 or early 1978, that defendants moved in immediately thereafter and made the residence their home until the house was sold to plaintiffs. Because suit was not filed until June of 1988, over ten years from the date of occupancy, defendants argue that the peremptive period had run.
Courts have applied what may be termed a “principal obligation” analysis to determine the applicable prescriptive period in an action against a vendor who was also the contractor of a building. See: Broussard v. Pierret, 215 So.2d 136 (La.App. 3d Cir.1968); DeSoto v. Ellis, 393 So.2d 847 (La.App. 2d Cir.1981); Jones v. Bourgeois, 445 So.2d 38 (La.App. 4th Cir.1984). While not using this specific term, it is clear that courts look to the initial intent of the construction in determining subsequent obligations of the parties. In the instant case the evidence clearly establishes that defendant built the Ishouse for his own use and resided there for 8 years, thus his principal obligation to plaintiff was as a vendor and not as a contractor. The applicable prescriptive period for a vendor is dependent on whether defendant qualifies as a good faith seller under former La.C.C. article 2534 or a bad faith seller under former La.C.C. article 2546. That reasoning is applicable to La. R.S. 9:2772.
If defendant is a good faith seller, plaintiffs action is prescribed because it was filed over a year after the sale of the house. On the other hand, if defendant was also the contractor and presumed to know of the vices of the house, then prescription is one year from discovery and plaintiffs’ action is not prescribed. We look to the facts of this case to make that determination.
The mere designation of defendant’s name as contractor on the building permit is insufficient to show that defendant was the contractor. At the time the house was built defendant was not “a person with engineering and construction knowledge who plans, designs and personally supervises the building ...” Pickron v. Krebs, 441 So.2d 272 (La.App. 5th Cir.), unit denied 442 So.2d 481 (La.1983); Lee v. Kendrick, 532 So.2d 335 (La.App. 3d Cir.1988). More importantly, plaintiff did not establish that defendant acted as his own contractor in the construction of the house and therefore had a duty to know of the vice or had full opportunity to know of the vice. Defendant testified that Ross Becker designed the plans for the house. James Lumsden was the engineer that worked with Mr. Becker. Defendant worked full-time as an employee of Colonial Bank at the time the house was constructed. Although defendant had worked as a laborer/elean-up man for his father who was a remodeler/contractor, he had no special knowledge of designing and pouring a slab at the time the house was built. He hired Charles Robinson who did have special knowledge to frame the house and Mr. Robinson hired and supervised the laborers who performed the work. | fiBased on the evidence, we cannot presume that defendant knew of the vice. See: Fortmayer v. Schulingkamp, 405 So.2d 671 (La.App. 4th Cir. 1981).
We find that defendant was a good faith seller and that plaintiffs action was prescribed at the time it was filed. For the foregoing reasons the trial court’s judgment is affirmed.

AFFIRMED.

. Articles 2534 and 2546 were revised pursuant to Acts 1993, No. 841, effective 1/1/95. The revision combined the substance of former Articles 2534 and 2546 into Article 2534. This changed the law in part by extending the prescriptive period for actions in redhibition against a seller in good faith from one to four years from date of deliveiy to buyer. The present suit was filed prior to the revision therefore former Articles 2534 and 2546 are controlling.