# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-825

PENNY C. DUPLECHIEN

VERSUS

EDWARD GEORGE ACKAL, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2013-5579-F
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and David Kent Savoie, Judges.

**AFFIRMED.**

Emile Joseph, Jr.
Robert Anthony Robertson
Allen & Gooch
Post Office Box 81129
Lafayette, LA 70598
(337) 291-1310
COUNSEL FOR DEFENDANTS/APPELLEES:
    Edward George Ackal
    Beverly Ann Ashy Ackal
    Ackal Construction

J. Clemille Simon
Simon Law Offices
Post Office Box 52242
Lafayette, LA 70505
(337) 232-2000
COUNSEL FOR PLAINTIFF/APPELLANT:
    Penny C. Duplechien

**Kevin R. Duck**
**Duck Law Firm, L.L.C.**
**5040 Ambassador Caffery, Suite 200**
**Lafayette, LA 70508**
**(337) 406-1144**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Penny C. Duplechien**

**AMY, Judge.**

The plaintiff filed suit in redhibition against the defendants related to alleged foundation defects in her home. The trial court denied the defendants' exception of peremption, upon a finding that the New Home Warranty Act was inapplicable as the defendants were merely a seller and not a builder/contractor/manufacturer for purposes of that provision. Thereafter, the trial court granted the defendants' motion for summary judgment wherein they alleged that the matter was prescribed for purposes of redhibition as the home was purchased in 2005 and suit was filed in 2013. The plaintiff appealed the summary judgment. For the following reasons, we affirm.

### Factual and Procedural Background

The plaintiff, Penny Duplechien, purchased her Lafayette home in November 2005. The record indicates that the home was under construction as a "spec" home at the time Ms. Duplechien approached Edward George Ackal about its purchase. The "Cash Sale" entered into the record lists Mr. Ackal and his wife as the sellers of the property. Ms. Duplechien explained in her deposition that she began using the home as her residence, making various improvements thereon over the years.

The plaintiff filed this matter on October 31, 2013, alleging that she discovered certain foundation defects in November 2012. The plaintiff named Mr. and Mrs. Ackal and Ackal Construction, LLC as defendants.[1] She alleged that the defendants "designed and constructed" the home, which "was sold as a high quality home with full warranty and representation that it was of good quality and

---

[1] Mr. Ackal, who described himself as an investor, explained that he formed Ackal Construction, LLC in October 2005. Mr. Ackal explained that he would engage a contractor to perform the construction tasks and that his role was to facilitate payment of the invoices.

free from vices and defects." The plaintiff advanced theories of recovery under negligence, breach of warranty, breach of contract, and negligent misrepresentation.

In response, the defendants filed exceptions of peremption and prematurity, both of which stemmed from the defendants' position that the matter was controlled by the New Home Warranty Act (NHWA) as it was new construction at the time of purchase. *See* La.R.S. 9:3141, et seq. Under the exception of peremption, the defendants noted that, to the extent the plaintiff alleged that they constructed the home, the NHWA provides a five-year warranty against structural defects. *See* La.R.S. 9:3144(A)(3).[2] The defendants noted that La.R.S. 9:2772[3] likewise sets forth a five-year peremptive period for alleged deficiencies associated with construction. With regard to the exception of prematurity, the defendants

---

[2]Louisiana Revised Statutes 9:3144(A)(3) provides, in pertinent part, that, subject to certain designated exclusions, "every builder warrants . . . [f]ive years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards."

[3]Louisiana Revised Statutes 9:2772 provides that:

A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

2

suggested that the plaintiff filed suit absent the written notice required under the NHWA. *See* La.R.S. 9:3145.

Subsequently, the plaintiff amended her petition and asserted that the defendants "were not builders of plaintiffs home as defined by the New Home Warranty Act." *See* La.R.S. 9:3143(1).[4] The plaintiff further alleged that Mr. Ackal falsely represented himself as a licensed contractor/builder and, therefore, the defendants were not entitled to the protections of the NHWA. Instead, the plaintiff asserted that Mr. Ackal was "the manufacturer of plaintiffs['] home" and that Mr. Ackal, individually, and "d/b/a Ackal Builders and/or Ackal Construction oversaw and paid for the assembly of plaintiff's home . . . and held himself out to the plaintiff to be the builder and/or maker of plaintiff's home[.]" She alleged that the home was sold as one of high quality with full warranty and free of defects. Finally, the plaintiff asserted that the defendants' alleged misrepresentations as to whether they were contractors/builders "constitutes an inherent defect and constitutes fraud" so as to warrant an award of damages and attorney fees. *See* La.Civ.Code art. 1958 (providing that "[t]he party against whom rescission is granted because of fraud is liable for damages and attorney fees.").

In response to the plaintiff's amended contention that they were "manufacturers," the defendants noted in their argument in support of the

---

[4] Louisiana Revised Statutes 9:3143(1) defines "builder" as:

> any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.

exception of peremption that La.Civ.Code art. 2534(A)[5] provides only a one-year prescriptive period for a redhibition claim against a seller who did not know of the existence of the defect.

At the hearing on the exceptions, the trial court considered documentary evidence submitted by the parties in support of and in opposition to the exceptions. While the trial court denied the plaintiff's request to offer testimony at the hearing, the trial court permitted a proffer as requested. Ultimately, the trial court denied the exception of peremption and entered a judgment reflecting a finding that the defendants "are not builders, contractors or manufacturers" of the subject home and that the NHWA, therefore, "is not applicable." The judgment indicates that, in light of the finding, the exception of prematurity under the NHWA was rendered moot. The trial court determined further that Mr. and Mrs. Ackal were "sellers" of the subject property. The trial court denied the exception of peremption as it related to the redhibition claim, noting that the plaintiff had recently amended the petition to allege fraud, an allegation that the trial court determined was not before it on the exceptions.

Subsequently, the defendants filed a motion for summary judgment asserting that the matter was prescribed pursuant to La.Civ.Code art. 2534(A)(2). In support, the defendants included deposition testimony that they argued indicated that they had no knowledge of any alleged defect. The plaintiff filed an opposition, suggesting that the matter was not prescribed under Article 2534 as the defendants were the "manufacturer" of the home and thus, pursuant to

---

[5] Louisiana Civil Code Article 2534(A)(2) provides:

> [W]hen the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.

4

La.Civ.Code art. 2545,[6] the defendants were presumed to know of the defect. *See* La.Civ.Code art. 2534(B)(providing that "action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer."). Further, the plaintiff suggested that the defendants had fraudulently represented that they were contractors and that she had detrimentally relied thereon.

At the hearing on the motion for summary judgment, the trial court rejected the plaintiff's contention that the defendants were "manufacturers" for purposes of the redhibition claim, noting that it would not revisit its earlier determination that the defendants were neither builders nor manufacturers, but were only sellers. Further, the trial court determined that the evidence presented did not indicate that the defendants had knowledge of the alleged defect in the foundation. Accordingly, the trial court granted the motion for summary judgment, dismissing the defendants' claims.

The plaintiff appeals the ruling on the motion for summary judgment, assigning the following as error:

> 1.     The trial court committed an error of law where the trial court denied the plaintiff to call witnesses at an Exception of Prescription/Peremption and then make findings of fact at that hearing regarding the status of the defendant as a manufacturer and then use

---

[6] Louisiana Civil Code Article 2545 (emphasis added) provides that:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.

> *A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.*

5

that finding of fact to determine status at the defendants' Motion for Summary Judgment hearing.

2. The trial court erred by failing to resolve all doubt in favor of Penny Duplechien and failing to construe, in favor of Penny Duplechien, reasonable factual inferences from the evidence presented to the Court that at a minimum created a genuine issue of material fact as to whether or not the defendants were manufacturers under [La.Civ.Code art.] 2545 and thus resulting in the trial court applying the wrong prescriptive period.

## Discussion

*Exception of Peremption*

The plaintiff's first arguments pertain to the trial court's denial of the defendants' exception of peremption. The plaintiff suggests that the trial court legally erred at the hearing insofar as denied the plaintiff's request to provide testimony in opposition to the exception. The plaintiff further suggests that the trial court's factual determinations regarding whether the defendants were builders, manufacturers, or sellers were erroneously included in the judgment on the exceptions. The plaintiff argues, thereafter, that these factual findings unfairly influenced the trial court's subsequent ruling on the motion for summary judgment.

As an initial matter, however, we point out that the plaintiff appeals only from the trial court's granting of the motion for summary judgment. As stated above, the exception of peremption arose only from the defendants' defense of peremption under the NHWA. The trial court denied that exception, finding that the NHWA was inapplicable. While the plaintiff opposed the form of the judgment rendered by the trial court as it included factual determinations that the defendants were merely sellers and were not builders, contractors, or manufacturers, the trial court found no merit in that objection and signed a judgment including those findings. The defendants did not seek review of the

6

denial of its exception nor did the plaintiff include that judgment (or its related proceedings) in its motion for appeal. Rather, the plaintiff sought, and appeal was ordered, "from the Judgment rendered on the 20th day of April 2015 granting the defendants' summary judgment in favor of the defendants."

Although the plaintiff's arguments pertaining to the exception of peremption do not fall within the scope of this appeal, we observe that the appeal is taken from a summary judgment. Thus, and because appellate review of a trial court's ruling on a motion for summary judgment is de novo, much of the plaintiff's concern regarding the importance of underlying factual determinations are irrelevant as those factual findings are considered once again on appeal.

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B)(2) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The procedure of summary judgment is favored and must be construed in order to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2).

As for the burden of proof, the party moving for summary judgment must bear that burden. *See* La.Code Civ.P. art. 966(C)(2). However, if that party will not bear the burden of proof at trial, he or she is not required to negate all essential elements of the adverse party's claim, action, or defense. *Id.* Rather, the moving party is required to point out that there is an absence of actual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* If, in turn, "the adverse party fails to produce factual support sufficient to establish that

7

he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

As briefly referenced above, an appellate court considers a ruling on a motion for summary judgment de novo, using the same criteria that governed the trial court's consideration thereof. *Hoffman v. Travelers Indem. Co. of America*, 13-1575 (La. 5/7/14), 144 So.3d 993.

The defendants presented their motion for summary judgment to the trial court after their unsuccessful defense of peremption under the NHWA. On the merits of the motion, the defendants claimed that the matter was prescribed pursuant to La.Civ.Code art. 2534(A)(2). This provision, which sets forth the prescriptive periods for an action in redhibition provides that, when an alleged "defect" is one involving "residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer." Noting the plaintiff's suit was filed in October 2013, the defendants' attached evidentiary documentation of the property's sale, which was executed in November 2005. The defendants further produced Mr. Ackal's deposition, wherein he explained that he knew of no defects at the time of the sale of the property. The defendants also submitted the plaintiff's deposition, wherein she also denied identifying any issues with the foundation at the time of the sale.

In opposition, the plaintiff argued that the defendants must be viewed as having presumptive knowledge of the defects as they were "manufacturers," of the home rather than mere sellers, as urged by the defendants. In this regard, La.Civ.Code art. 2545 provides that "[a] seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing." In support

of their argument that the defendants were manufacturers, the plaintiff referenced jurisprudence indicating that a manufacturer is one who makes a product, holds out that product as his or her own, or a retailer who actively participates in a product's construction, assembly, or installation. *See, e.g., Credeur v. Champion Homes of Boaz, Inc.*, 08-1096 (La.App. 3 Cir. 3/4/09), 6 So.3d 339, *writ denied*, 09-1099 (La. 9/4/09), 17 So.3d 965; *Chastant v. SBS-Harolyn Park Venture*, 510 So.2d 1341 (La.App. 3 Cir.), *writ denied*, 513 So.2d 825 (La.1987). The plaintiff asserted that, with such presumptive knowledge, the matter was not prescribed as it was filed within one year of the plaintiff's discovery of the alleged defect(s). *See* La.Civ.Code art. 2534(B)(providing that "[t]he action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.").

Certainly, the defendants introduced evidence indicating that they were the sellers of the property and that well in excess of one year had elapsed between the date of the sale and the filing of the plaintiff's petition. In turn, however, and in keeping with the burden of proof set forth by La.Code Civ.P. art. 966(C)(2), the plaintiff was required to put forth evidence in support of the opposing position that the defendants were "manufacturers" for purposes of availing themselves of the alternative prescriptive period of La.Civ.Code art. 2534(B). Yet, the plaintiff did not offer evidence indicating that the defendants' involvement, whether as investors, financial managers, or as sellers rendered them a manufacturer, or created a genuine issue of material fact in that regard. Rather, the testimony of both Mr. Ackal and Ms. Duplechien, collectively represented, at most, that the defendants were sellers of property that was constructed by a contractor engaged

9

by them for that purpose. As noted below, there is no evidence that Mr. Ackal represented himself as either a contractor, a builder, or was otherwise involved in physical construction of the home.

In addition to the fact that the plaintiff presented no evidence involving construction by the defendants, we note that such involvement would necessarily implicate the circular question of whether they are "builders" under the NHWA. Such a determination, an issue we do not consider here, as the defendants did not seek review of the trial court's ruling in this regard, would undermine the plaintiff's assertion that the defendants must be viewed as manufacturers. *See* La.Civ.Code art. 2520, comment (e) (providing that "[t]he Articles on redhibition do not apply to hidden defects discovered in a new home governed by the New Home Warranty Act, R.S. 9:3141-3150."). Additionally, we note that the plaintiff asserts that jurisprudence from this court suggests that a vendor/sellor who holds a product out as his or her own may be considered a manufacturer of that home. While *Chastant*, 510 So.2d 1341, did involve a town home within the context of a redhibition suit, we note that this case involved the 1982 sale, which arose prior to the enactment of the NHWA.

Having reviewed the parties' submissions, we do not disturb the trial court's determination that the defendants demonstrated that they were entitled to summary judgment due to prescription as set forth in La.Civ.Code art. 2534(A)(2).

Finally, to the extent the plaintiff continues to argue that summary judgment should not be granted due to her allegation of fraud or detrimental reliance due to her alleged belief that the defendants were manufacturers, the claim simply falls due to lack evidentiary support. As the plaintiff, Ms. Duplechien would have the burden of proving this allegation at trial. Yet, she has presented no evidence

10

indicating that the defendants represented themselves as contractors or otherwise indicated that such a belief was reasonable. Rather, the evidence only indicates, through the testimony of Mr. Ackal, that a contractor was engaged to oversee the physical construction of the house. Mr. Ackal described his role as investor and as the party responsible for the financial aspects of the home's construction. While the plaintiff testified regarding her contract with Mr. Ackal in the purchase of the home, she did not further testify regarding the extent of any representations regarding licensure, a lack thereof, or the importance of that reliance in her purchase. In light of this absence of evidence, we leave the trial court's denial of the motion for summary judgment undisturbed in this regard.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assigned to the plaintiff—appellant, Penny Duplechien.

**AFFIRMED.**